UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDDA M. AGUIRRE-SANTOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER PHARMACEUTICALS, LLC, <br><br> Defendant. | Civil No. 12-1393 (JAF) |

**OPINION AND ORDER**

We are asked to determine whether an employer's severance-benefits package established an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001-1461.I.

**I.**

**Background**

The plaintiffs filed suit in Commonwealth court to reinstate certain wage and benefit claims that the defendant had allegedly required them to dismiss with prejudice. (Docket 1 at 2.)  The defendants intend to defend against that claim on the basis of the plaintiffs' severance package, which they allege the plaintiffs accepted voluntarily on condition that they dismiss any pending claims against the defendant.  The defendant timely removed the case under federal question jurisdiction. (Id.).  The plaintiffs moved to remand their case to Commonwealth court. (Docket No. 9.)  The defendant asserts that removal was proper because the severance package that forms the basis of their defense is

a plan governed by ERISA, a federal statute. The plaintiffs disagree. We granted the plaintiffs' motion to remand. (Docket No. 23.) The defendants moved for reconsideration. (Docket No. 26.) We granted, in part, the motion for reconsideration. (Docket No. 33.)

## II.

## Legal Standard

**A. Motion to Remand**

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b); Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st 2004). Once a suit has been removed from state court, the case is to be remanded if it was "removed improvidently and without jurisdiction." Ochoa Realty Corp. v. Faria, 815 F.2d 812, 815 (1st Cir. 1987) (citing 28 U.S.C. § 1447(c)). For purposes of this statute, Puerto Rico is equivalent to a state. Id. "A district court confronted with a matter of subject matter jurisdiction reviews a plaintiff's complaint not to judge the merits, but to determine whether the court has authority to proceed." BIW Deceived v. Local Union S6, Indus. Union of Marine & Shipbldg. Workers. Of Amer., IAMAW Dist. Lodge 4, 123 F.3d 824, 832 (1st Cir. 1997).

**B. Employee Benefits Plans Under ERISA**

ERISA aims to protect employees from losing their pensions and benefits due to employer mismanagement. Massachusetts v. Morash, 490 U.S. 107, 112 (1989). ERISA

applies to "any employee benefit plan if it is established or maintained…by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1002(3)(a)(1). Whether a benefit scheme qualifies as a plan under ERISA is a mixed question of law and fact. Gross v. Sun Life Assurance Company of Canada, 2013 WL4305006 (1st Cir. 2013). Because "[t]he text of ERISA itself affords scant guidance as to what constitutes a covered 'plan,'" Belanger v. Wyman–Gordon Co., 71 F.3d 451, 454 (1st Cir.1995), we look to case precedent in deciding whether a plan exists. No single factor or list of factors is determinative, although some factors tend to be more indicative of a plan than others, including an employer's ongoing administrative or financial obligations. New England Mut. Life Ins. Co., Inc. v. Baig, 166 F.3d 1, 3 (1st Cir. 1999). Provisions for severance pay may constitute an employee welfare benefit plan within the meaning of ERISA. See Belanger, 71 F.3d at 456; see also Scott v. Gulf Oil Corp., 754 F.2d 1499, 1503 (9th Cir.1985). ERISA's preemption of state laws should be construed broadly, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, (1987), and the First Circuit has stated that such preemption extends to state common-law causes of action as well as regulatory laws. Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007). Finally, when deciding whether the employer created or maintained an employee benefit plan, the court should consider the facts and circumstances from the perspective of a reasonable employee. Belanger, 71 F.3d at 455. (citing Johnson v. Watts Regular Co., 63 F.3d 1129, 1135 (1st Cir. 1995)).

## III.

### **<u>Discussion</u>**

The question presented is whether the severance benefits offered to the plaintiffs constitute an employee benefit plan governed by the terms of ERISA, thus providing federal subject matter jurisdiction. We find that the benefits do not constitute a plan.

An employee benefit plan exists if an arrangement between an employee and an employer requires an ongoing administrative program. <u>Fort Halifax Packing Co., Inc. v. Coyne</u>, 482 U.S. 1, 11 (1987). Two principles guide our inquiry: (1) whether an employer retains discretion in administering the severance agreement, and (2) whether benefits are provided on a regularly occurring basis or on a single occasion. <u>See</u> <u>Rodowicz v. Massachusetts Mut. Life Ins. Co.</u>, 192 F.3d 162, 170 (1st Cir. 1999).

Pfizer's predecessor, Wyeth, established the Plan in March of 2008. The Plan is open to "virtually all full-time employees, with the exception of certain categories of employees set forth in the plan document." (Docket 8-1 at 6-7.) In order to receive compensation, an employee must have been involuntarily terminated as a result of: (1) a reduction in work force; (2) job elimination; (3) job restructuring; or (4) discontinuance or relocation of operations. (<u>Id.</u>) Additionally, employees must also: (1) execute a written waiver of all claims arising out of the employee's employment with Wyeth; (2) return all company property; (3) hold confidential all proprietary information; (4) not engage in any activity that, in the company's sole discretion, amounts to gross misconduct; (5) continue to be employed through the date assigned by Pfizer as the employee's "work through" or termination date. (<u>Id.</u> at 13.)

Pfizer may deny an employee severance benefits for: (1) failing to satisfactorily perform the duties of employment through his or her "termination date," and (2) termination for cause, as determined by the company in its sole discretion. (Id. at 35.) Under the Plan's provisions, an employee is determined to be terminated "for cause" for a variety of acts—including theft, lying, gross negligence—but may be for any reason that the "Plan Administrator, in its sole discretion, shall deem appropriate." (Id.) Here, unlike in Simas v. Quaker Fabric Corp. of Fall River, 6 F.3d 849 (1st Cir. 1999), the "for cause" determination happens once, up front, largely governed by specific criteria. While not a rote algorithm, the Plan does not require the administrator to make exclusion determinations over time. Cf. Id. (ongoing administrative mechanism needed to determine whether an employee discharged for cause is otherwise ineligible for unemployment compensation under Massachusetts law). Under the Plan, the determination of an employee's eligibility is not the kind of ongoing administrative discretion that ERISA governs.

Much like in Fort Halifax, where the purported plan offered "a temporary 'one-time only' lump sum payment," the Plan disburses pre-determined benefit payments over twelve, twenty-six or fifty-two weeks. The amount of transition benefit compensation paid to an eligible employee is calculated according to an employee's base salary and years of service. (Docket 8-1 at 14-16.) While the First Circuit has held previously that an employee benefit plan involving a single payment may be considered an employee benefit plan for ERISA purposes when eligibility is based on at least "one non-mechanical criterion, over a prolonged period," Belanger, 71 F.3d at 455, n.2, here,

however, there is nothing discretionary about the timing, amount or form of the payment. Sending a terminated employee a check every month plus continuing to pay his insurance premiums for the time specified in the employment contract does not rise to the level of an ongoing administrative scheme.

Because the severance benefit scheme is not a "plan" governed by ERISA, the plaintiffs' claim does not present a federal question. We lack jurisdiction to resolve this dispute.

## IV.

## **Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand proceedings to Guayama Superior Court, (Docket No. 9), is **GRANTED.**

**IT IS SO ORDERED**

San Juan, Puerto Rico, this 21st day of October , 2013.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE